UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANNY L. BROWN,

          Plaintiff,

Case No. 1:04-CV-350

Hon. Gordon J. Quist

vs.

JOHN E. POTTER,
POSTMASTER GENERAL,

          Defendant.

_____/

**ORDER**

Plaintiff, proceeding *pro se*, has filed a suit pursuant to  to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.  This statute prohibits discrimination on the basis of race, color, religion, sex, or national origin in federal and private employment.  *See* 42 U.S.C. § 2000e, 2000e-2.  In his complaint, plaintiff alleges that he was the victim of sex discrimination, specifically that:

> In August 2000 I (Danny L. Brown a male employee) was given a 14 day suspension for using a postal vehicle for personal business.  In May 2001 Renee DeBeck (a female employee) was given a 7 day suspension for the same offense.  Holland Post Office Management also tried to terminate my employment at the time of my offense.

Compl. at ¶ 7, "Factual Statement."

This matter is now before the court on plaintiff's "motion to request compensatory and punitive damages as allowed under the Civil Rights Act of 1964" (docket no. 25) and defendant's motion to strike plaintiff's prayer for damages (docket no. 30).

1.      **Plaintiff's motion for monetary and punitive damages (docket no. 25)**

In his complaint, plaintiff seeks "such relief as may be appropriate, including injunctive orders, damages, costs and attorney's fees."  Complaint at ¶ 15 B.  His motion seeks to amend the complaint to allege compensatory and punitive damages, specifically "monetary compensation for future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life" in the amount of $50,000.  For the reasons as set forth below, plaintiff's motion to amend is denied.

a.      **Standard of review**

Fed. Rules Civ. Proc. 15(a) provides that a party may amend a pleading upon leave of court and "that leave shall be freely given when justice so requires."   However, justice does not require the court to grant leave to amend, where the amendment would be futile.  *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss."  *Id.  See generally, Hahn v. Star Bank*, 190 F. 3d 708, 715-718 (6th Cir. 1999); *Haverstick Enterprises, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 995-96 (6th Cir. 1994).

b.      **Punitive damages**

First, plaintiff seeks to add a claim for punitive damages.  Plaintiff's Title VII claim is brought  against his employer, the United States Postal Service.  The Postal Service is a governmental agency for purposes of Title VII litigation, which is exempt from punitive damages. *Robinson v. Runyon*, 149 F.3d 507, 517 (6th Cir. 1998); *Baker v. Runyon*, 114 F.3d 668, 671-72 (7th Cir. 1997).  Because plaintiff cannot receive punitive damages from defendant, his proposed

amendment seeking to add a claim for punitive damages will be denied as futile.   *Miller*, 408 F.3d at 817.

### c. Compensatory damages

Next, plaintiff seeks compensatory damages "for future loss, emotional distress, pain and suffering, inconvenience, mental anguish and loss of enjoyment of life" in the amount of $50,000.   Defendant contends that plaintiff is not entitled to amend his complaint to include compensatory damages, because he did not seek this remedy in the administrative proceedings.

A plaintiff employed by the federal government must exhaust his administrative remedies before filing a Title VII claim in federal district court.   *Dixon v. Ashcroft,* 392 F.3d 212, 217 (6th Cir. 2004).   "In permitting federal employees to sue under Title VII, Congress conditioned the government's waiver of sovereign immunity upon a plaintiff's satisfaction of 'rigorous administrative exhaustion requirements and time limitations.'"   *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002), *quoting Brown v. General Services Administration*, 425 U.S. 820, 835 (1976).   The purpose of the exhaustion requirement "is to trigger an investigation, which gives notice to the alleged wrongdoer of its potential liability and enables the EEOC to initiate conciliation procedures in an attempt to avoid litigation."   *Dixon,* 392 F.3d at 217.   Thus, a plaintiff's complaint filed in the district court "must be limited 'to the scope of the EEOC investigation reasonably expected to grow out of the charge of discrimination.'"   *Weigel v. Baptist Hospital of East Tennessee*, 302 F.3d 367, 380 (6th Cir. 2002), *quoting Ang v. Procter & Gamble Co.*, 932 F.2d 540, 545 (6th Cir. 1991).   This limitation is sometimes referred to as "the scope of investigation test." *Weigel*, 302 F.3d at 380.   In determining the scope of investigation, the Sixth Circuit has recognized that where the facts related to the charged claim would prompt the EEOC to investigate a different,

uncharged claim, then the plaintiff is not precluded from bringing suit on that uncharged claim. *See Weigel*, 302 F.3d at 380; *Davis v. Sodexho, Cumberland College Cafeteria*, 157 F.3d 460, 463 (6th Cir. 1998).

The present motion, however, does not involve an amendment to add an unexhausted claim of a different type of discrimination. Rather, the motion seeks to add damages, a type of relief which the EEOC did not consider in reviewing plaintiff's claim. Defendant points out that the Sixth Circuit has not addressed the issue of whether a claim for relief (in this case damages) must be exhausted in during the administrative proceedings. In this regard, defendant asks this court to follow the rule announced in *Fitzgerald v. Secretary, United States Department of Veterans Affairs*, 121 F.3d 203 (5th Cir. 1997). In *Fitzgerald*, the Fifth Circuit stated that the complaining employee must "inform the employing agency or the EEOC of the *particular facts of the case* that demonstrate that he has suffered an emotional and/or mental injury that requires the payment of compensatory damages to make him whole." *Fitzgerald*, 121 F.3d at 208 (italics in original). The court reasoned that:

> The employee bears the initial burden of notifying his employing agency of the specific relief sought, and here again, we emphasize that a complainant may only receive relief for that which he asks. Indeed, it would be contrary to the purpose of the exhaustion requirement to allow a claimant to pursue a claim in district court that he failed to raise during the administrative investigation. The exhaustion doctrine requires a good faith effort by the aggrieved employee to provide all relevant and available information to the investigating agency. Administrative agencies should not be forced to guess at the relief sought.

*Id.* (citation omitted.)

In *Fitzgerald*, the court held that the plaintiff made no effort to notify either the agency or the EEOC "of the particular circumstances of this Title VII claim that might warrant an

4

offer of compensatory damages." *Id.* at 209.  The court cited the rule that an EEOC claimant "is not entitled to relief outside of the scope of his claim." *Id.*, *quoting Francis v. Brown*, 58 F.3d 191, 193 (5th Cir. 1995). Relying on the rule that a federal employee fails to exhaust his administrative remedy when he rejects a settlement offer for full relief on the specific claims asserted, the court concluded that the plaintiff failed to exhaust his administrative remedies when he rejected a settlement offer that gave him the non-monetary relief he requested and then chose to file suit in federal court seeking a new remedy of monetary compensation. *Id.* at 208-09.

> The rule expressed in *Fitzgerald* is consistent with the Sixth Circuit caselaw recognizing both the "rigorous administrative exhaustion requirements" of Title VII and "the scope of investigation test."  If a plaintiff sought only non-monetary relief from the EEOC, with no mention of injuries that could be compensated with monetary damages, then the EEOC would have no reason to address the issue of monetary damages in attempting to reach a conciliation with the plaintiff.  The court finds the *Fitzgerald* decision to be well-reasoned and persuasive authority for requiring administrative exhaustion of both the claims asserted and the relief sought.  To allow an employee to hide the true nature of his or her claim from the EEOC would defeat the purpose of the administrative review and render it a meaningless exercise.  Furthermore, adopting the *Fitzgerald* rule will not cause an unfair burden on *pro se* plaintiffs, because the judicial complaint is subject to "the scope of investigation test."  Thus, an inarticulate *pro se* plaintiff is not precluded from raising uncharged claims that are supported by facts presented to the EEOC.  Accordingly, the court adopts the rule as expressed in *Fitzgerald* that a federal employee must exhaust his or her claim for monetary damages as a precondition to filing a Title VII claim in federal district court.

5

Here, plaintiff has failed to exhaust his claim for monetary damages. The administrative record presented to this court demonstrate that plaintiff sought only injunctive relief from the Postal Service. In his "U.S. Postal Service Information for Pre-Complaint Counseling" signed on June 8, 2001, plaintiff alleged sex discrimination, stating that "some of the female employees of the Holland Post Office are given special treatment." Information, attached to defendant's Memorandum as Exh. 2. Plaintiff stated that on August 9, 2000 he was given a letter of suspension for unauthorized use of a postal vehicle and received a 14-day suspension on August 29, 2000 for this offense. *Id.* Several months later, on May 2, 2001, a female employee, Renee DeBeck, was questioned about the unauthorized use of a postal vehicle. *Id.* Ms. DeBeck received only a 7-day suspension for her offense on May 22, 2001. *Id.* Plaintiff summarized his claim as follows: "Renee DeBeck female was treated differently than when: she was given a shorter suspension than [plaintiff] for the same offence." *Id.* Plaintiff sought the following resolution of the matter, "male and female employees of the Holland Post Office be treated equal. Remove all records of 14 day suspension from Danny L. Brown's OPF [sic]." *Id.*

In his "EEO Complaint of Discrimination in the Postal Service" dated July 30, 2001, plaintiff stated his claim as follows:

> In August of 2000 I was given a 14 day suspension for using a postal vehicle for personal business. In May of 2001 Renee De Beck a female employee was given a 7 day suspension for the same thing. This is fairly typical of the way management in the Holland Post Office treats female employees better than male employees.

EEO Complaint at ¶ 16, attached to Compl. Plaintiff listed his proposed remedy as follows:

> Managers in Holland need training in fair & equal treatment of employees. I want my suspension removed from all files (O.P.F. & unofficial files in Holland). I feel this is just compensation for my unequal treatment.

EEO Complaint at ¶ 17, attached to Compl.

Plaintiff also completed an "EEO Investigative Affidavit" on September 10, 2001. *See* EEO Investigative Affidavit attached to Compl. In the affidavit, plaintiff states that both his and Ms. De Beck's suspensions were changed to "working suspensions" after grievances were filed. EEO Investigative Affidavit at p. 1. Plaintiff states that during the dispute resolution stage of the grievance process his supervisor made an offer to reduce his suspension to seven days "to make it the same as Renee De Beck[']s." *Id.* at pp. 2-3. Plaintiff declined this resolution because he felt it was a "roundabout way of [the supervisor] admitting that he discriminated against me by issueing [sic] me a longer suspension than he issued to Renee." *Id.* at p. 3.

Plaintiff further stated:

My requested remedy to this complaint is two part. #1 is: train all management personnel in Holland to treat all employees <u>equal</u> and <u>fairly</u>. #2 is: remove the notice of suspension from all of my files immediately as compensation for not being treated fairly and equally.

*Id.* at p. 3 (emphasis in original).

The record does not contain a copy of the agency's final order. However, the record includes the EEOC's February 27, 2004 decision affirming the agency's final order, finding that "the Administrative Judge's issuance of a decision without a hearing was appropriate and a preponderance of the record evidence does not establish that discrimination occurred." Decision, attached to Compl.

Approximately three months after the EEOC's decision, plaintiff added a statement to his September 30, 2001 EEO Investigative Affidavit claiming monetary damages:

May 25, 2004

7

#3 See next 2 pages.  As I am retired from the USPS I do not need to fear intimidation or other outcomes because I am seeking monetary compensation.

*Id.* at p. 3.[1]  The court notes that plaintiff apparently altered the affidavit two days prior to filing his complaint in this court.

This record indicates that plaintiff's claim for monetary compensation was never presented to the agency and was not a part of the EEO administrative review.  Plaintiff did not request monetary damages or allege facts giving rise to a claim for monetary damages until he filed the present suit in federal court.  Neither plaintiff's "U.S. Postal Service Information for Pre-Complaint Counseling," "EEO Investigative Affidavit" nor his EEO complaint gave notice to the alleged wrongdoer of its potential liability to pay damages or enabled the agency to initiate conciliation procedures in an attempt to avoid litigation with respect to these damages.  *See Dixon*, 392 F.3d at 217.  Moreover, nothing in the administrative record indicates that plaintiff lost income or "suffered an emotional and/or mental injury that requires the payment of compensatory damages to make him whole."  *Fitzgerald*, 121 F.3d at 208.  Plaintiff's claim for monetary compensation first arose in what appears to be an altered copy of his EEO Investigative Affidavit.  Because plaintiff has failed to exhaust his claim for compensatory damages, his proposed amendment to add this unexhausted claim is futile.[2]  Accordingly, plaintiff's motion to request compensatory and punitive damages (docket no. 25) is **DENIED**.

---

[1]The attached pages consist of copies from an internet site, which include a "statute summary" of Title VII, with a notation that compensatory damages are allowed for "future loss, emotional distress, inconvenience, mental anguish & loss of enjoyment of life."

[2] In resolving this matter, the court is aware of the decision in *Seay v. Tennessee Valley Authority*, 340 F. Supp. 2d 344 (E.D. Tenn. 2004), in which another district court in the Sixth Circuit declined to adopt the rationale expressed in *Fitzgerald* to the facts in that case.

### 2.        Defendant's Motion to strike (docket no. 30)

Finally, defendant moves to strike plaintiff's request for damages as set forth in his complaint.  Defendant's motion to strike was brought as an alternative response to plaintiff's motion, seeking to strike that portion of plaintiff's complaint "to the extent that [p]laintiff's current complaint is interpreted as already including a demand for compensatory or punitive damages." Defendant's Memorandum of law in support of motion at 1.   Defendant's motion to strike is unopposed. Defendant's motion to strike is brought pursuant to Fed. Rules Civ. Proc. 12(f), on the ground that plaintiff failed to exhaust administrative remedies with respect to his claim for monetary damages.[3]  Rule 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The court may utilize this rule to strike a claim for damages that is improperly contained in the plaintiff's complaint.  *See, e.g., Mitchell v. Lydall, Inc.,* No. 93-1374, 1994 WL 38703 (4th Cir. Feb. 10, 1994) (punitive damages); *Rashid v. Communications Workers of America, AFL-CIO,* -- F. Supp. 2d --, No. 3:04-cv-291 (S.D. Ohio 2005); *Johnson v. Metropolitan Sewer District,* 926 F. Supp. 874, 875 (E.D. Mo. 1996); *Platsis v. E.F. Hutton & Company, Inc.*, No. G83-784 CA, 1985 WL 447 at *7 (W.D. Mich. Jan. 11, 1985).

---

[3] Defendant's motion erroneously states that it is brought pursuant to Fed. Rules Civ. Proc. 12(h) ("Waiver or preservation of certain defenses") rather than 12(f) ("Motion to strike").  *See* docket no. 30.

As the court previously discussed, plaintiff did not exhaust his claim for monetary damages.  Accordingly, defendant's motion to strike plaintiff's prayer for damages as set forth in his complaint (docket no. 30) is **GRANTED**.

**IT IS SO ORDERED.**

Dated:  August 30, 2005                        /s/ Hugh W. Brenneman, Jr.
                                               Hugh W. Brenneman, Jr.
                                               United States Magistrate Judge