UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANNY L. BROWN,

    Plaintiff,

v.                                                                          Case No. 1:04-CV-350

JOHN E. POTTER,                                                HON. GORDON J. QUIST
POSTMASTER GENERAL,

    Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Objections to the report and recommendation dated February 13, 2006, in which Magistrate Judge Brenneman recommended that Defendant's motion for summary judgment and supplemental motion for summary judgment be granted. Defendant has filed a reply to Plaintiff's Objections. The magistrate judge concluded that Defendant is entitled to summary judgment on Plaintiff's claim under Title VII for sex discrimination because Plaintiff failed to show that he was subjected to an adverse employment action and because Plaintiff failed to show that he was treated differently than a similarly situated employee. The magistrate judge noted that Plaintiff did not respond to Defendant's motions. After conducting a <u>de novo</u> review of the report and recommendation, the Court concludes that the report and recommendation should be adopted by the Court.

Plaintiff sets forth two arguments in his Objections: (1) that he was subjected to an adverse employment action; and (2) that he was treated differently from Renee DeBeck, a female postal employee. The Court rejects Plaintiff's arguments for several reasons. First, Plaintiff failed to

respond to Defendant's motions and, therefore, did not properly present his arguments to the magistrate judge for his consideration. A party may not raise an issue for the first time in its objection to a report and recommendation. See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir. 1988) ("We hold categorically that an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate. . . Systematic efficiencies would be frustrated and the magistrate's role reduced to that of a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round. In addition, it would be fundamentally unfair to permit a litigant to set its case in motion before the magistrate, wait to see which way the wind was blowing, and – having received an unfavorable recommendation – shift gears before the district judge.") (citations omitted); O'Neil v. Appel, 165 F.R.D. 479, 482 (W.D. Mich. 1996) ("Pursuant to the exhaustion doctrine that is applied with regularity to issues raised on appeal, the court need not review this argument as it was not raised before the magistrate judge."). Second, the Court rejects Plaintiff's theory regarding an adverse employment action – that his supervisor did many things to cause him stress, which in turn caused Plaintiff to resign earlier than he otherwise would have – because Plaintiff did not plead the claim in the complaint, and Plaintiff failed to exhaust it during the administrative process. Third, even if Plaintiff had pled and exhausted his new theory, Plaintiff has not offered any persuasive reason why the magistrate judge erred in concluding that Plaintiff's fourteen-day suspension with pay did not constitute an adverse employment action. Finally, with regard to Plaintiff's argument that he was similarly situated to Ms. DeBeck, Plaintiff's exhibits do not show that Ms. DeBeck was on the clock when she committed her violation, as was the case with Plaintiff. In addition, Plaintiff's claim that Ms. DeBeck previously used a postal

vehicle for personal business must be rejected because it is based upon inadmissible evidence which fails to contradict Plaintiff's supervisor's sworn declaration that he was unaware of any prior substantiated instances of similar misconduct by Ms. DeBeck.  Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 13, 2006 (docket no. 48) is **APPROVED AND ADOPTED** as the Opinion of this Court.

**IT IS FURTHER ORDERED** that Defendant's Motion For Summary Judgment (docket no. 37) and Defendant's Supplemental Motion For Summary Judgment (docket no. 43) are **GRANTED**, and Plaintiff's complaint is **dismissed with prejudice**.

This case is **concluded**.


Dated: March 28, 2006                             /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE